**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY CO., <br><br> *Plaintiffs,* <br><br> v. <br><br> MICHAEL GERLING, M.D., NY ORTHOPEDICS, P.C., GERLING INSTITUTE NJ, P.C., SPINE HEALTH ORTHOPEDIC, P.C., SPINE CONSULT NJ, P.C., JOSEPH PYUN, M.D., IGOR DOVMAN, VLADIMIR GRANVOSKIY a/k/a WALTER GRAN, and CAMPIRO, INC., <br><br> *Defendants.* | Civil Action No.: <br><br> **1:23-cv-07693-PKC-MMH** <br><br><br><br> **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

Defendants, Michael Gerling, M.D., NY Orthopedics, P.C., Gerling Institute NJ, P.C., Spine Health Orthopedic, P.C., Spine Consult NJ, P.C., and Joseph Pyun, M.D. (collectively "Answering Defendants") by way of answer to the Complaint filed by Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Co., (collectively "Plaintiffs" or "GEICO"), do hereby declare and say as follows:

<u>**NATURE OF THE ACTION**</u>

1.  Answering Defendants deny the allegations.

2.  Answering Defendants deny the allegations.

3.  Answering Defendants deny the allegations.

4.  Answering Defendants plead as follows:

1

      i.     Denied except to admit that Dr. Gerling is a physician licensed in New York and New Jersey and the owner of NY Orthopedics, Gerling Institute, Spine Consult, and Spine Health.

      ii.    Denied except to admit that NY Orthopedics and Spine Health are New York corporations and Gerling Institute and Spine Consult are New Jersey companies.

      iii.   Denied except to admit that Dr. Pyun is a licensed physician in New York and New Jersey.

      iv.   Denied as to the allegations pertaining to the Answering Defendants. As to the remaining defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

      v.    Denied as to the allegations pertaining to the Answering Defendants. As to the remaining defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

5.      Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

6.      Answering Defendants deny the allegations.

7.      Answering Defendants deny the allegations.

## **THE PARTIES**

**I.**    **Plaintiffs**

8.      Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

**II.**    **Defendants**

9.      Denied except to admit that Dr. Gerling is a physician licensed in New York and New Jersey and the owner of NY Orthopedics, Gerling Institute, Spine Consult, and Spine Health.

10.     Denied except to admit that NY Orthopedics is a New York corporation owned by Dr. Gerling.

2

11.     Denied except to admit that Gerling Institute is a New Jersey company owned by Dr. Gerling.

12.     Denied except to admit that Spine Health is a New York corporation owned by Dr. Gerling.

13.     Denied except to admit that Spine Consult is a New Jersey company owned by Dr. Gerling.

14.     Denied except to admit that Dr. Pyun is a physician licensed in New York and New Jersey.

15.     Denied as to the allegations pertaining to the Answering Defendants.  As to the remaining defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     Denied as to the allegations pertaining to the Answering Defendants.  As to the remaining defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     Denied as to the allegations pertaining to the Answering Defendants.  As to the remaining defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

19.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

13524215.1/GER383-284890

21.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

**[IV.]    <u>Other Relevant Individuals and Entities</u>**

23.     Answering Defendants deny the allegations.

24.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

25.     Answering Defendants deny the allegations.

### <u>JURISDICTION AND VENUE</u>

26.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

27.     Answering Defendants deny the allegations.

28.     Answering Defendants deny the allegations.

29.     Denied.  The matter would be appropriately venued in New Jersey.

30.     Answering Defendants deny the allegations.

31.     Answering Defendants deny the allegations.

### <u>ALLEGATIONS COMMON TO ALL CLAIMS</u>

**I.    <u>An Overview of the Pertinent Law Governing No-Fault Insurance Reimbursement</u>**

32.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

**A.    Pertinent New York Law Governing No-Fault Insurance Reimbursement**

33.     This paragraph references a statute and related regulations.   The Court is respectfully referred to the statute and regulations for their full contents.

4

34.     This paragraph references a regulation. The Court is respectfully referred to the full regulation for its contents.

35.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

36.     Answering Defendants admit the allegations.

37.     Answering Defendants admit the allegations.

38.     Denied as to generalization pled.

39.     This paragraph references a regulation. The Court is respectfully referred to the full regulation for its contents.

40.     This paragraph references a statute and related regulations.  The Court is respectfully referred to the statute and regulations for their full contents.

41.     Denied as to generalization pled.

42.     This paragraph references a statute and related regulations.  The Court is respectfully referred to the statute and regulations for their full contents.

43.     This paragraph references a statute and related regulations.  The Court is respectfully referred to the statute and regulations for their full contents.

44.     This paragraph references a statute and related regulations.  The Court is respectfully referred to the statute and regulations for their full contents.

45.     Denied as to generalization pled.

46.     This paragraph references a statute and related regulations.  The Court is respectfully referred to the statute and regulations for their full contents.

**B.     Pertinent New Jersey Law Governing No-Fault Insurance Reimbursement**

47.     This paragraph references a statute and related regulations.  The Court is respectfully referred to the statute and regulations for their full contents.

48.     Answering Defendants admit the allegations.

49.     Denied as to generalization pled.

50.     Denied as to generalization pled.

51.     Denied as to generalization pled.

52.     Denied as to generalization pled.

53.     Denied as to generalization pled.

54.     Denied as to generalization pled.

55.     Denied as to generalization pled.

56.     This paragraph references a regulation. The Court is respectfully referred to the full regulation for its contents.

57.     This paragraph references a regulation. The Court is respectfully referred to the full regulation for its contents.

58.     This paragraph references a regulation. The Court is respectfully referred to the full regulation for its contents.

59.     This paragraph references a regulation. The Court is respectfully referred to the full regulation for its contents.

60.     Denied as to generalization pled.

61.     Denied as to generalization pled.

62.     This paragraph references a statute.  The Court is respectfully referred to the full statute for its contents.

63.     This paragraph references a statute.  The Court is respectfully referred to the full statute for its contents.

13524215.1/GER383-284890

64. This paragraph references a statute. The Court is respectfully referred to the full statute for its contents.

65. This paragraph references a statute. The Court is respectfully referred to the full statute for its contents.

66. This paragraph references a statute. The Court is respectfully referred to the full statute for its contents.

67. This paragraph references a statute. The Court is respectfully referred to the full statute for its contents.

68. Denied as to generalization pled.

69. This paragraph references a statute. The Court is respectfully referred to the full statute for its contents.

70. Answering Defendants admit the allegations.

71. Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant. Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

## II. The Defendants' Fraudulent Scheme

72. Denied. GEICO is wrong. All treatment provided by Answering Defendants was medically necessary and clinically indicated. There were no unlawful payments, kickbacks or improper referrals.

### A. Gerling Institute's Unlawful Operations in New York

73. Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

74. This paragraph references a regulation. The Court is respectfully referred to the full regulation for its contents.

75.     This paragraph references a statute.  The Court is respectfully referred to the full statute for its contents.

76.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

77.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

78.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

79.     Answering Defendants deny the allegations.

80.     Answering Defendants deny the allegations.

81.     Answering Defendants deny the allegations.

**B.      NY Orthopedics' Unlawful Operations in New Jersey**

82.     This paragraph references a statute.  The Court is respectfully referred to the full statute for its contents.

83.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

84.     Answering Defendants deny the allegations.

85.     Answering Defendants deny the allegations.

86.     Answering Defendants deny the allegations.

87.     Answering Defendants deny the allegations.

**C.      The Defendants' Unlawful Patient Brokering Scheme**

88.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

89. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

90. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

91. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

92. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

93. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

94. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

95. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

96. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

97. Denied as to the allegations pertaining to the Answering Defendants. As to the remaining defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

98. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

99. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

100. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

101. Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

102. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

103. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

104. Answering Defendants plead as follows:

      i. – iv.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

105. Answering Defendants deny the allegations.

106. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

107. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

13524215.1/GER383-284890

**[C.]** **The Payment and Receipt of Unlawful Compensation in Exchange for Patient Referrals**

108.     Denied as to generalization pled.

109.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated.  Further, there were no unlawful referrals.

110.     Answering Defendants deny the allegations.

111.     Answering Defendants deny the allegations.

112.     Answering Defendants deny the allegations.

113.     Answering Defendants deny the allegations.

114.     Answering Defendants deny the allegations.

115.     Answering Defendants deny the allegations.

116.     Answering Defendants deny the allegations.

117.     Answering Defendants deny the allegations.

118.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

119.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

120.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

121.     Answering Defendants deny the allegations.

122.     Answering Defendants deny the allegations.

123.     Answering Defendants deny the allegations.

124.     Answering Defendants plead as follow:

i. – iii.      Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

125.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

**D.     The Fraudulent Charges for Initial Examinations**

126.     Denied, except to admit that an initial exam would typically be the first step in providing treatment.

127.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

128.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

129.     Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

130.     Answering Defendants deny the allegations.

131.     Answering Defendants deny the allegations.

132.     Answering Defendants deny the allegations.

**1.     Misrepresentations Regarding the Severity of the Insureds' Presenting Problems**

133.     Answering Defendants deny the allegations.

134.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant. Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

13524215.1/GER383-284890

135.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

136.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

137.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

138.     Answering Defendants deny the allegations.

139.     Answering Defendants deny the allegations.

140.     Denied as to generalization pled.

141.     Denied as to generalization pled.

142.     Answering Defendants deny the allegations.

143.     Answering Defendants plead as follows:

> i. – xx.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

144.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

145.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

146.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

## 2.	Misrepresentations Regarding the Amount of Time Spent on the Purported Initial Examinations

147.	Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

148.	Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

149.	Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

150.	Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

151.	Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

152.	Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

153.	Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

154.	Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

## 3.	Misrepresentations	Regarding	"Detailed"	or	"Comprehensive"	Physical Examinations

155.	Answering Defendants deny the allegations.

156.	Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

157.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

158.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

159.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

160.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

161.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

162.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

163.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

164.     Answering Defendants plead as follows:

i. – v.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

165.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

**4.      Misrepresentations Regarding the Extent of Medical Decision-Making**

166.    Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

167.    Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

168.    Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

169.    Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

170.    Denied as to generalization pled.

171.    Denied as to generalization pled.

172.    Denied as to generalization pled.

173.    Denied as to generalization pled.

174.    Denied as to generalization pled.

175.    Denied as to generalization pled.

176.    Denied as to generalization pled.

177.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

178.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

16

179. Answering Defendants plead as follows:

    i. – v.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

180. Denied as to generalization pled.

181. Denied as to generalization pled.

182. Denied as to generalization pled.

183. Denied as to generalization pled.

184. Denied as to generalization pled.

185. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

186. Answering Defendants plead as follows:

    i. – x.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

187. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

188. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

189. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

**E.    The Fraudulent Charges for Follow-Up Examinations by NY Orthopedics, Gerling Institute, and Gerling**

190. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

13524215.1/GER383-284890

191.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

192.     Answering Defendants deny the allegations.

193.     Answering Defendants deny the allegations.

194.     Answering Defendants deny the allegations.

1.     **Misrepresentations Regarding the Severity of the Insureds' Presenting Problems**

195.     Answering Defendants deny the allegations.

196.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

197.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

198.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

199.     Plaintiff makes generalized statements about the CPT codes based on the CPT book and/or CPT assistant.  Defendant respectfully refers the Court to the entire contents of the CPT book and the related guidance that is needed to understand the statements made.

200.     Denied as to generalization pled.

201.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

202.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

18

203. Answering Defendants plead as follows:

    i. – x.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

204. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

205. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

206. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

## 2. Misrepresentations Regarding the Results of the Follow-Up Examinations

207. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

208. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

209. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

210. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

211. Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

212. Answering Defendants plead as follows:

    i. – v.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

213.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

214.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary, clinically indicated and appropriately billed.

**G.    The Fraudulent Charges for Surgical Procedures**

215.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated.  Further, there were no unlawful referrals.

216.    Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

217.    Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

218.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated.  Further, there were no unlawful referrals.

219.    Answering Defendants deny the allegations.

220.    Answering Defendants deny the allegations.

**1.    The Defendants' Unlawful Self-Referrals**

221.    This paragraph references a statute.  The Court is respectfully referred to the full statute for its contents.

222.    Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

223.    Subject to further investigation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

20

224. Answering Defendants admit the allegations.

225. Denied. GEICO misconstrues the law.

226. Denied. GEICO misconstrues the law.

227. Answering Defendants plead as follows:

        i. – xv.     Denied. GEICO misconstrues the law. There was <u>no</u> unlawful referral.

228. Denied. GEICO misconstrues the law. There was <u>no</u> unlawful referral.

**2.      The Defendants' Charges for Medically Unnecessary Surgeries**

229. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

230. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

231. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

232. Answering Defendants plead as follows:

        i. – x.     Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

233. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

234. Answering Defendants deny the allegations. All treatment provided by Answering Defendants were medically necessary and clinically indicated.

235. Answering Defendants deny the allegations.

236. Answering Defendants deny the allegations.

237. Answering Defendants deny the allegations.

238. Answering Defendants plead as follows:

        i. – v.     Denied. Answering Defendants properly documented their treatment records based on available information.

239.    Denied. Answering Defendants properly documented their treatment records based on available information.

## III.    **The Fraudulent Billing Submitted to GEICO**

240.    Answering Defendants deny the allegations.

241.    Answering Defendants deny the allegations. All treatment provided by Answering Defendants was medically necessary and clinically indicated. Further, there were no unlawful referrals.

## IV.    **The Defendants' Fraudulent Concealment and GEICO's Justifiable Reliance**

242.    Defendants did act legally and ethically and in accordance with relevant law.

243.    Answering Defendants deny the allegations.

244.    Answering Defendants deny the allegations.

245.    Answering Defendants deny the allegations.

246.    Answering Defendants deny the allegations.

247.    Denied except to admit that Answering Defendants sought to collect on their medically necessary claims.

248.    Answering Defendants deny the allegations.

249.    Answering Defendants deny the allegations.

## FIRST CAUSE OF ACTION
**Against NY Orthopedics, Gerling Institute, Spine Health, and Spine Consult**
**(Declaratory Judgment - 28 U.S.C. §§ 2201 and 2202)**

250.    This statement requires no response from Answering Defendants.

251.    Answering Defendants deny the allegations.

252.    Answering Defendants deny the allegations.

13524215.1/GER383-284890

253.    Answering Defendants deny the allegations.

## SECOND CAUSE OF ACTION
### Against Gerling
### (Violation of RICO, 18 U.S.C. § 1962(c))

254.    This statement requires no response from Answering Defendants.

255.    Answering Defendants deny the allegations.

256.    Answering Defendants deny the allegations.

257.    Answering Defendants deny the allegations.

258.    Answering Defendants deny the allegations.

259.    Answering Defendants deny the allegations.

260.    Answering Defendants deny the allegations.

## THIRD CAUSE OF ACTION
### Against Gerling, Pyun, Dovman, Gran, and Campiro
### (Violation of RICO, 18 U.S.C. § 1962(d))

261.    This statement requires no response from Answering Defendants.

262.    Answering Defendants deny the allegations.

263.    Answering Defendants deny the allegations.

264.    Answering Defendants deny the allegations.

265.    Answering Defendants deny the allegations.

266.    Answering Defendants deny the allegations.

267.    Answering Defendants deny the allegations.

## FOURTH CAUSE OF ACTION
### Against NY Orthopedics and Gerling
### (Common Law Fraud)

268.    This statement requires no response from Answering Defendants.

269.    Answering Defendants deny the allegations.

13524215.1/GER383-284890

270.   Answering Defendants deny the allegations.

271.   Answering Defendants deny the allegations.

272.   Answering Defendants deny the allegations.

273.   Answering Defendants deny the allegations.

274.   Answering Defendants deny the allegations.

### FIFTH CAUSE OF ACTION
**Against Pyun, Dovman, Gran, and Campiro**
**(Aiding and Abetting Fraud)**

275.   This statement requires no response from Answering Defendants.

276.   Answering Defendants deny the allegations.

277.   Answering Defendants deny the allegations.

278.   Answering Defendants deny the allegations.

279.   Answering Defendants deny the allegations.

280.   Answering Defendants deny the allegations.

281.   Answering Defendants deny the allegations.

282.   Answering Defendants deny the allegations.

### SIXTH CAUSE OF ACTION
**Against NY Orthopedics and Gerling**
**(Unjust Enrichment)**

283.   This statement requires no response from Answering Defendants.

284.   Answering Defendants deny the allegations.

285.   Answering Defendants deny the allegations.

286.   Answering Defendants deny the allegations.

287.   Answering Defendants deny the allegations.

288.   Answering Defendants deny the allegations.

## SEVENTH CAUSE OF ACTION
### Against Gerling
### (Violation of RICO, 18 U.S.C. § 1962(c))

289. This statement requires no response from Answering Defendants.

290. Answering Defendants deny the allegations.

291. Answering Defendants deny the allegations.

292. Answering Defendants deny the allegations.

293. Answering Defendants deny the allegations.

294. Answering Defendants deny the allegations.

295. Answering Defendants deny the allegations.


## EIGHTH CAUSE OF ACTION
### Against Gerling, NY Orthopedics, Spine Health, and Pyun
### (Violation of RICO, 18 U.S.C. § 1962(d))

296. This statement requires no response from Answering Defendants.

297. Answering Defendants deny the allegations.

298. Denied as to claims of an enterprise.

299. Answering Defendants deny the allegations.

300. Answering Defendants deny the allegations.

301. Answering Defendants deny the allegations.

302. Answering Defendants deny the allegations.

## NINTH CAUSE OF ACTION
### Against Gerling Institute and Gerling
### (Common Law Fraud)

303. This statement requires no response from Answering Defendants.

304. Answering Defendants deny the allegations.

305. Answering Defendants deny the allegations.

13524215.1/GER383-284890

306. Answering Defendants deny the allegations.

307. Answering Defendants deny the allegations.

308. Answering Defendants deny the allegations.

309. Answering Defendants deny the allegations.

## <u>TENTH CAUSE OF ACTION</u>
**Against NY Orthopedics, Spine Health, and Pyun**
**(Aiding and Abetting Fraud)**

310. This statement requires no response from Answering Defendants.

311. Answering Defendants deny the allegations.

312. Answering Defendants deny the allegations.

313. Answering Defendants deny the allegations.

314. Answering Defendants deny the allegations.

315. Answering Defendants deny the allegations.

316. Answering Defendants deny the allegations.

317. Answering Defendants deny the allegations.

## <u>ELEVENTH CAUSE OF ACTION</u>
**Against Gerling Institute and Gerling**
**(Unjust Enrichment)**

318. This statement requires no response from Answering Defendants.

319. Answering Defendants deny the allegations.

320. Answering Defendants deny the allegations.

321. Answering Defendants deny the allegations.

322. Answering Defendants deny the allegations.

323. Answering Defendants deny the allegations.

13524215.1/GER383-284890

## TWELFTH CAUSE OF ACTION
### Against Gerling
### (Violation of RICO, 18 U.S.C. § 1962(c))

324. This statement requires no response from Answering Defendants.

325. Answering Defendants deny the allegations.

326. Answering Defendants deny the allegations.

327. Answering Defendants deny the allegations.

328. Answering Defendants deny the allegations.

329. Answering Defendants deny the allegations.

330. Answering Defendants deny the allegations.

## THIRTEENTH CAUSE OF ACTION
### Against Pyun and Gerling
### (Violation of RICO, 18 U.S.C. § 1962(d))

331. This statement requires no response from Answering Defendants.

332. Answering Defendants deny the allegations.

333. Denied as to the claim of an enterprise.

334. Answering Defendants deny the allegations.

335. Answering Defendants deny the allegations.

336. Answering Defendants deny the allegations.

337. Answering Defendants deny the allegations.

## FOURTEENTH CAUSE OF ACTION
### Against Spine Health and Gerling
### (Common Law Fraud)

338. This statement requires no response from Answering Defendants.

339. Answering Defendants deny the allegations.

340. Answering Defendants deny the allegations.

341. Answering Defendants deny the allegations.

13524215.1/GER383-284890

342.  Answering Defendants deny the allegations.

343.  Answering Defendants deny the allegations.

344.  Answering Defendants deny the allegations.

## FIFTEENTH CAUSE OF ACTION
### Against Pyun
### (Aiding and Abetting Fraud)

345.  This statement requires no response from Answering Defendants.

346.  Answering Defendants deny the allegations.

347.  Answering Defendants deny the allegations.

348.  Answering Defendants deny the allegations.

349.  Answering Defendants deny the allegations.

350.  Answering Defendants deny the allegations.

351.  Answering Defendants deny the allegations.

352.  Answering Defendants deny the allegations.

## SIXTEENTH CAUSE OF ACTION
### Against Spine Health and Gerling
### (Unjust Enrichment)

353.  This statement requires no response from Answering Defendants.

354.  Answering Defendants deny the allegations.

355.  Answering Defendants deny the allegations.

356.  Answering Defendants deny the allegations.

357.  Answering Defendants deny the allegations.

358.  Answering Defendants deny the allegations.

## SEVENTEENTH CAUSE OF ACTION
### Against Gerling
### (Violation of RICO, 18 U.S.C. § 1962(c))

359.  This statement requires no response from Answering Defendants.

13524215.1/GER383-284890

360. Answering Defendants deny the allegations.

361. Answering Defendants deny the allegations.

362. Answering Defendants deny the allegations.

363. Answering Defendants deny the allegations.

364. Answering Defendants deny the allegations.

365. Answering Defendants deny the allegations.

## EIGHTEENTH CAUSE OF ACTION
### Against Khanan, NY Pain, University Pain, and Demesmin
### (Violation of RICO, 18 U.S.C. § 1962(d))

366. This statement required no response from Answering Defendants.

367. Answering Defendants deny the allegations.

368. Denied as to the claim of an enterprise.

369. Answering Defendants deny the allegations.

370. Answering Defendants deny the allegations.

371. Answering Defendants deny the allegations.

372. Answering Defendants deny the allegations.

## NINETEENTH CAUSE OF ACTION
### Against Spine Consult and Gerling
### (Common Law Fraud)

373. This statement required no response from Answering Defendants.

374. Answering Defendants deny the allegations.

375. Answering Defendants deny the allegations.

376. Answering Defendants deny the allegations.

377. Answering Defendants deny the allegations.

378. Answering Defendants deny the allegations.

379. Answering Defendants deny the allegations.

13524215.1/GER383-284890

## TWENTIETH CAUSE OF ACTION
### Against NY Orthopedics, Spine Health, and Pyun
### (Aiding and Abetting Fraud)

380.     This statement required no response from Answering Defendants.

381.     Answering Defendants deny the allegations.

382.     Answering Defendants deny the allegations.

383.     Answering Defendants deny the allegations.

384.     Answering Defendants deny the allegations.

385.     Answering Defendants deny the allegations.

386.     Answering Defendants deny the allegations.

387.     Answering Defendants deny the allegations.

## TWENTY FIRST CAUSE OF ACTION
### Against Spine Consult and Gerling
### (Unjust Enrichment)

388.     This statement required no response from Answering Defendants.

389.     Answering Defendants deny the allegations.

390.     Answering Defendants deny the allegations.

391.     Answering Defendants deny the allegations.

392.     Answering Defendants deny the allegations.

393.     Answering Defendants deny the allegations.

## TWENTY SECOND CAUSE OF ACTION
### Against Gerling and NY Orthopedics
### (Violation of New Jersey Insurance Fraud Prevention Act – (N.J.S.A. 17:33A-1 et seq.)

394.     This statement required no response from Answering Defendants.

395.     Answering Defendants deny the allegations.

396.     Answering Defendants deny the allegations.

13524215.1/GER383-284890

## TWENTY THIRD CAUSE OF ACTION
### Against Gerling and Gerling Institute
### (Violation of New Jersey Insurance Fraud Prevention Act – (<u>N.J.S.A.</u> 17:33A-1 <u>et seq.</u>)

397. This statement required no response from Answering Defendants.

398. Answering Defendants deny the allegations.

399. Answering Defendants deny the allegations.

## TWENTY FOURTH CAUSE OF ACTION
### Against Gerling and Spine Health
### (Violation of New Jersey Insurance Fraud Prevention Act – (<u>N.J.S.A.</u> 17:33A-1 <u>et seq.</u>)

400. This statement required no response from Answering Defendants.

401. Answering Defendants deny the allegations.

402. Answering Defendants deny the allegations.

## TWENTY FIFTH CAUSE OF ACTION
### Against Gerling and Spine Consult
### (Violation of New Jersey Insurance Fraud Prevention Act – (<u>N.J.S.A.</u> 17:33A-1 <u>et seq.</u>)

403. This statement required no response from Answering Defendants.

404. Answering Defendants deny the allegations.

405. Answering Defendants deny the allegations.

## <u>JURY DEMAND</u>

406. Pursuant to Federal Rule Civil Procedure 38(b), the Answering Defendants demand a trial by jury.

**WHEREFORE**, the Answering Defendants, Michael Gerling, M.D., NY Orthopedics, P.C., Gerling Institute NJ, P.C., Spine Health Orthopedic, P.C., Spine Consult NJ, P.C., and Joseph Pyun, M.D. hereby demand that on each and every cause of action as pled by GEICO in Counts One through Twenty Five of the Complaint to be dismissed in its entirety, together with an award for attorneys' fees and costs in favor of the Answering Defendants.

31

**BRACH EICHLER L.L.C.**

By: _____

    Keith J. Roberts, Esq.
    Shannon Carroll, Esq.
    kroberts@bracheichler.com
    scarroll@bracheichler.com
    101 Eisenhower Parkway
    Roseland, NJ 07068
    Telephone: 973.228.5700
    *Attorneys for Defendants,*
    *Michael Gerling, M.D., NY Orthopedics, P.C.,*
    *Gerling Institute NJ, P.C., Spine Health*
    *Orthopedic, P.C., Spine Consult NJ, P.C., and*
    *Joseph Pyun, M.D.*

Dated: December 15, 2023

13524215.1/GER383-284890

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants complied with all of their obligations under all applicable regulations and/or statutes.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants have not violated the statutory scheme or governing regulations of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1, et seq.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against the Answering Defendants to the extent the doctrines of waiver, estoppel, laches and/or release apply.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recovery as they have sustained no harm by reason of Answering Defendants' actions.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants have committed no wrong against Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are subject to set-off and recoupment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

13524215.1/GER383-284890

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to failure to exhaust administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred based on arbitration and award.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to plead additional defenses or causes of action that may be discerned through discovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants relied upon the advice of counsel.

**BRACH EICHLER L.L.C.**

By: _____
    Keith J. Roberts, Esq.
    Shannon Carroll, Esq.
    kroberts@bracheichler.com
    scarroll@bracheichler.com
    101 Eisenhower Parkway
    Roseland, NJ  07068
    Telephone: 973.228.5700
    *Attorneys for Defendants,*
    *Michael Gerling, M.D., NY Orthopedics, P.C.,*
    *Gerling Institute NJ, P.C., Spine Health*
    *Orthopedic, P.C., Spine Consult NJ, P.C., and*
    *Joseph Pyun, M.D.*

Dated:  December  15, 2023

13524215.1/GER383-284890