**DINARA MAYLOV, ESQ.**
2747 Coney Island Avenue, 2nd floor
Brooklyn, New York 11235
Tel.: 718-339-7777
Fax: 646-304-1767
dinaramaylov@gmail.com

**BY ECF**
December 29, 2023

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Government Employees Insurance Company et al.
v. Gerling, et al.*, Case No. 1:23-cv-07693 (PKC-MMH)

Dear Judge Chen:

I represents the defendant, VLADIMIR GRANOVSKIY a/k/a WALTER GRAN in the above referenced action (hereinafter "defendant Gran"). This letter is submitted pursuant to Rule 3.A of Your Honor's Individual Practices and Rules to request a pre-motion conference for the purpose of moving to dismiss Plaintiffs' Complaint as against the Defendant Gran, on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

In the Plaintiffs' Complaint only two out of twenty-five (25) causes of action are alleged against the defendant Gran: a RICO conspiracy claim under 18 U.S.C. § 1962(d) (Third Cause of Action) and a common law claim for aiding and abetting fraud (Fifth Cause of Action).

The Complaint alleges that defendant Michael Gerling, MD, another medical doctor who works with Gerling (Joseph Pyun), and numerous corporate entities that Dr. Gerling controls, obtained reimbursement from Plaintiffs for allegedly medically unnecessary surgeries or were otherwise not subject to reimbursement under applicable New York no-fault law.

The defendant Gran is alleged to have engaged in an unlawful patient brokering and referral of automobile accidents clients to Dr. Gerling and NY Orthopedics, P.C., for allegedly medically unnecessary surgeries. According to the Complaint, the defendant Gran paid automobile accidents clients to undergo unnecessary surgeries performed by Dr. Gerling (which payments were purportedly "loans") and, also paid Dr. Gerling to perform such surgeries. According to the Complaint, the defendant Gran allegedly did so to increase the value of personal injury lawsuits filed by the automobile accident clients. (*See* Complaint ¶96-¶100). In other words, the defendant Gran is alleged to have provided a pre-settlement funding to automobile accidents clients referred by their attorneys; a business that is widely practiced and

entirely legal in New York. Specifically, pre-settlement funding is nonrecourse funding for plaintiffs who have filed lawsuits, in which the funding company provides cash advances against the proceeds of a prospective judgment or settlement. *See Cash4Cases, Inc. v. Brunetti*, 167 A.D.3d 448, 449 (1st Dept. 2018) (upholding validity of pre-settlement funding).

Although no substantive RICO violation is alleged against the defendant Gran, nonetheless, Plaintiffs have asserted a RICO conspiracy claim against them pursuant to 18 U.S.C. § 1962(d).

## GEICO's 18 U.S.C. 1962(d) RICO Conspiracy Claim Is Fatally Defective

In an another GEICO case with substantial similarities to the present RICO conspiracy claim against the defendant Gran, E.D.N.Y. Magistrate Judge Roanne Mann issued a Report and Recommendation, recommending that GEICO's RICO conspiracy claim under 18 U.S.C. 1962(d) be denied. *GEICO v. Wellmart RX, Inc.*, 2022 WL 17774929, at *11 (E.D.N.Y. June 24, 2022). Upon review, District Judge Matsumoto adopted Judge Mann's Report and Recommendation, calling it, "meticulously analyzed and well-reasoned." *GEICO v. Wellmart RX, Inc.*, No. 19-cv-4414 (KAM), Order Adopting Report and Recommendation, (E.D.N.Y. Aug. 1, 2022).

As explained in *GEICO v. Wellmart RX, Inc.* by Judge Mann, "[b]ecause opting into and participating in a RICO conspiracy will [ ] result in liability for the acts of one's co-conspirators, a RICO conspiracy claim will not survive a motion to dismiss where the pleading alleges 'no facts to show specifically that the defendants had any 'meeting of the minds' in the alleged violations.'" *GEICO v. Wellmart RX, Inc.*, at *6 citing *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F.Supp.3d 525, 545 (S.D.N.Y. 2014). Importantly, the "violations" that must be agreed to are predicate acts under the RICO statute. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir.1990) ("Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement"); *see also Woods v. General Motors Corp.*, 2015 WL 1396437 *9 (E.D.N.Y. March 25, 2015) (PKC). That is, "in order to state a plausible RICO conspiracy claim the pleading must set forth more than conclusory allegations that the defendants 'agreed to commit' the violations." *GEICO v. Wellmart RX, Inc.*, at *7 citing *Limtung v. Thomas*, 2021 WL 4443710, at *8 (E.D.N.Y. Sept. 28, 2021); *Abbott Labs. v. Adelphia Supply USA*, 2017 WL 57802, at *9 (E.D.N.Y. Jan. 4, 2017) ("conclusory allegations of [ ] agreement are insufficient"); *see also Hecht v. Com. Clearing House, Inc.*, 897 F.2d at 26 n.4 ("the complaint must allege some factual basis for a finding of a conscious agreement among the defendants").

In the instant case, Plaintiffs do no allege facts, demonstrating that the defendant Gran and the alleged co-conspirators had a "meeting of the minds" regarding the submission to GEICO of fraudulent claims through the use of the mail – the predicate acts alleged by GEICO. In fact, according to the Complaint, the defendant Gran profited from the settlements of personal injury lawsuits filed by the automobile accidents clients, and not from the payment by GEICO of no-fault reimbursement claims submitted by Dr. Gerling for medical procedures. In addition, it was irrelevant to the defendant Gran alleged patient brokering "scheme" that Dr. Gerling submitted fraudulent claims to GEICO through use of the mail or otherwise. *See* Complaint ¶100.

## GEICO's Aiding And Abetting Fraud Claim Should Also Be Dismissed

The Complaint also purports to assert a claim against the defendant Gran for aiding and abetting fraud. To establish liability for aiding and abetting fraud a plaintiff must show "(1) the existence of a fraud; (2) the defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014). The substantial assistance element requires the plaintiff to allege that the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated. *Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 121 F. Supp.3d 321 (S.D.N.Y.), *aff'd*, 821 F.3d 349 (2d Cir. 2016). Significantly, proximate cause is more stringent than but-for causation, the latter of which "refers to those acts without which the harm would not have occurred." *Ritchie Cap. Mgmt., L.L.C.*, at 338. Relevant here, "a district court can dismiss an action based on [a lack of] proximate cause at the pleading stage." *Paladini v. Capossela, Cohen, LLC*, 515 F. App'x 63, 65 (2d Cir. 2013).

Notwithstanding Rule 9(b)'s applicability to Plaintiffs' aiding and abetting fraud claim (*Filler v. Hanvit*, 2003 WL 22110773, at *3 (S.D.N.Y. Sept. 12, 2003)), the Complaint fails to plead "proximate cause" as concerns the acts of the defendant Gran. Rather, Plaintiffs allege in a mere conclusory fashion that the conduct of the defendant Gran was "*significant and material*" and that it was "*a necessary part of and was critical to the success of the fraudulent scheme.*" *See* Complaint ¶278. Such assertions, however, even if assumed true, allege at best, "but-for" causation but not proximate cause, and are thus legally insufficient. *See Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 249 (S.D.N.Y. 1996) ("'But-for' causation does not suffice [for aider and abettor liability]; the breach must proximately cause the loss").

Moreover, in this case, proximate cause cannot be plausibly alleged against the defendant Gran because it was Dr. Gerling's submission of allegedly fraudulent claims to GEICO that supposedly caused GEICO to pay such claims and was, accordingly, the proximate cause of GEICO's alleged injury. Indeed, the defendant Gran is not alleged to have played any role in the direct submission of claims to GEICO for payment; nor is he alleged to have profited from same.

Based on the foregoing (among other arguments), the Complaint's two causes of action against the defendant Gran are legally insufficient. Accordingly, a pre-motion conference is requested to address and schedule a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Dinara Maylov, Esq.,

Cc: All counsel of Record *via* ECF